RECEIVED
IN LAKE CHARLES, LA
SEP 15 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHELLE LEBOEUF | : | DOCKET NO. 2:10 CV 225 |
| VS. | : | JUDGE MINALDI |
| KMART CORPORATION | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment, filed by the defendant KMART Corporation ("Kmart") [doc. 34]. The plaintiff, Michelle Leboeuf, has not filed an Opposition.

## FACTS

On October 20, 2008, the plaintiff brought a prescription for Ropinirole, commonly known as "requip," obtained from her physician, Dr. Steve Springer, to the pharmacy at Kmart in Lake Charles, Louisiana. The Kmart pharmacist inadvertently filled the prescription with Risperidone, commonly known as "Risperdal," on the same day.[1]

After suffering various symptoms and injuries, such as blindness, shaking, and sweating, the plaintiff returned to Kmart pharmacy on November 1, 2008, and she informed the Kmart pharmacist of the misfilled prescription and her injuries.[2] That same day, Roger Clausen, the Kmart pharmacist completed an "incident report," called a Peer Review Memorandum.[3] The plaintiff filed a lawsuit in state court on December 23, 2009, alleging injuries resulting from the

---

[1] Pl.'s Petition ¶1; Def.'s Statement of Uncontested Material Facts ¶ 2.

[2] Pl.'s Petition ¶s 2 & 3; Def.'s Statement of Uncontested Material Facts ¶ 4.

[3] Def.'s Statement of Uncontested Material Facts ¶ 5.

negligence of Kmart through its employees.[4] Kmart successfully removed the case to federal court, and this Court denied plaintiff's motion to remand the case back to state court.[5]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "Furthermore, the party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

If the movant satisfies this burden, however, then the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex*, 45 F.3d at 954. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party." *Id.*

---

[4] Pl.'s Petition

[5] Order Granting Removal Mar. 2, 2010; Order Denying Remand July 19, 2010.

## ANALYSIS

Under Louisiana Civil Code article 3492, prescription commences on the date that injury or damage is sustained. La. Civ. Code. Ann. art 3492. For actions based in tort, the plaintiff must file the action within one year from the time prescription commences. *Id.* Furthermore, "an injured party need not have actual knowledge of his condition for purposes of starting the statue of limitations for delictual actions, as long as there is 'constructive notice,' that is information sufficient to incite curiosity, excite attention, or put a reasonable person on guard to call for inquiry." *Boyd v. B.B.C. Brown Boveri, Inc.*, 26-889 (La. App. 2 Cir. 5/10/95), 656 So. 2d 683, 688, *writ not considered*, 95-2387 (La. 12/8/95), 664 So. 2d 417. "The plaintiff bears the burden of showing why prescription has not run when the face of the petition reveals that the action has prescribed." *Fisher v. Walgreens of La. Corp.*, 99-475, p. 2 (La. App. 5 Cir. 10/13/99), 746 So. 2d 161, 162.

Here, the affidavit of Mr. Roger Clausen, and the "incident report" clearly establish that the plaintiff possessed, at least, constructive notice of the injury before visiting the Kmart pharmacy on November 1, 2008 to inform the pharmacists of the incorrectly filled prescription.[6] In Mr. Clausen's affidavit, he notes that the plaintiff "complain[ed] of a visit to a local hospital emergency room."[7] She also complained to Mr. Clausen of "fatigue, confusion, weakness, and weight gain" as a result of taking the wrong medicine.[8] The "incident report," dated November 1, 2008, verified the information provided in the affidavit.[9]

---

[6] Clausen Summ. J. Aff. 1; Def.'s Ex. A.

[7] Clausen Summ. J. Aff. 1.

[8] Clausen Summ. J. Aff. 1.

[9] Def.'s Ex. A.

The plaintiff's complaint confirms the accuracy of Kmart's affidavit and "incident report." In the plaintiff's petition for damages, she alleges that the day after receiving medical treatment for "blindness, shaking, sweating and clammy" she "took the pills back to [Kmart] who identified the pills as resridol."[10]  Based on the pleadings and affidavits, the plaintiff knew of her injuries before November 1, 2008. She did not bring her action against Kmart until December 23, 2009. Kmart has thus satisfied its initial burden.

The plaintiff as the non-moving party, moreover, has failed to "designate specific facts showing that there is a genuine issue for trial." *Tubacex*, 45 F.3d at 954. She filed no Opposition to Kmart's summary judgment motion. The plaintiff's claim is prescribed under Louisiana law, as she filed her suit more than one year after sustaining damages from the misfilled prescription. Therefore, Kmart is entitled to summary judgment; the record as a whole "could not lead a rational finder of fact to find for the non-moving party." *See Matsushita*, 475 U.S. at 587.

IT IS ORDERED that Kmart's Motion for Summary Judgment is hereby GRANTED.

IT IS FURTHER ORDERED that the plaintiff's claim against Kmart is hereby DISMISSED with prejudice.

Lake Charles, Louisiana, this 14 day of September 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[10] Pl.'s Petition ¶s 2 & 3.